ABRAHAM B. CONGER and MARY R. McC. CONGER, his WIFE, Respondents, v. SARAH M. DURYEE, Appellant, Impleaded, etc.

*Lease — acceptance of rent is a waiver of a prior forfeiture — when the continued failure of a lessee to comply with a lease operates as a new forfeiture.*

Although the acceptance of rent by a lessor is a waiver of a forfeiture theretofore incurred by the failure of the lessee to pay taxes assessed against the premises as required by the terms of the lease, yet the failure of the lessee to pay the taxes within a reasonable time after the reception of the rent occasions a new forfeiture, for which the lessor may re-enter.

Appeal from a judgment, entered upon a verdict for the plaintiffs, directed by the court.

*Carlisle Norwood, Jr.,* for the appellant.

*James A. Seaman,* for the respondents.

Davis, P. J.:

This was an action to recover possession of premises demised by a lease made on the 1st of May, 1850, for a term which would expire May 1, 1878. The action was begun September 12, 1877. The defendant, who is now appellant, answered November 17, 1877, and after the expiration of the term of the lease served a supplemental answer, setting up that fact and claiming a renewal of the lease or compensation for improvements under its covenants. The complaint alleged a forfeiture under the covenants of the lease for non-payment of rent, and also for non-payment of taxes. On the trial the plaintiffs made no proof of non-payment of rent. It was admitted by the defendant on the trial that the taxes of 1875 and 1876 were unpaid at the time of the commencement of the action, and that on August 30, 1877, the plaintiffs paid the taxes of 1874, and the amount of those taxes has not been repaid to them. After the taxes of 1875 and 1876 were known to be in arrears and unpaid, and about the 1st of

May, 1877, the plaintiffs received from the defendant rent for the premises which accrued after default in paying the taxes. The defendant was in possession of the premises under an assignment of the lease, made to her as collateral security for certain loans. The default in payment of the taxes was subsequent to the assignment of the lease to her. The court, upon the trial, excluded all the evidence offered under the supplemental answer to show the value of the buildings that had been erected upon the premises, and to establish the counter-claim set up by the supplemental answer. This exclusion was, we think, entirely proper, if the plaintiffs established a right to re-entry at the date of the commencement of the suit. A forfeiture, if it then existed, was a complete answer in this action to the alleged counter-claim. The defendant did not seek to come in and be relieved from the forfeiture on such terms as a court of equity might think proper to impose, but claimed absolute and peremptory rights by virtue of the termination of the lease, on the ground that no forfeiture existed, or, in other words, that it had been waived by the plaintiffs and could not be enforced. Probably if the defendant had any rights in equity to be relieved from the forfeiture, and to have her interest in the buildings erected during the tenancy ascertained and paid for as provided for by the lease, her rights in that behalf are not lost by the judgment in this case, which proceeds upon quite different questions from those that would be presented in a proper action for relief. The case was disposed of upon the simple question whether the forfeiture for non-payment of taxes had been waived by the receipt of rents, which subsequently accrued under the lease.

It is undoubtedly a general rule that forfeitures for breaches of covenants in leases are waived by the acceptance of subsequently accruing rent, because the acceptance of the rent *eo nomine* is ordinarily a recognition of the continuance of the tenancy, and when it is made after the act of forfeiture by the tenant, with knowledge of the landlord of that act, it is a waiver of the forfeiture. The proper application of this rule would very clearly prevent the enforcement of the forfeiture in this case for non-payment of taxes during any time prior to the payment of the rent, and if the defendant, within a reasonable time after the plaintiffs received the rent, had paid the arrears of taxes, no forfeiture could have been claimed.

But the obligation to pay was a continuing one, and the court below undoubtedly held that the failure to pay the taxes within a reasonable time after the rent was received, was, under the covenant, a new forfeiture for such non-payment. This position seems to be sustained by the authorities.

In *Jackson* v. *Allen* (3 Cow., 220), it was held that to make a receipt of the rent operate as a waiver of forfeiture, the rent must not only be received after the forfeiture is incurred, but such rent so received must have accrued after that time, and this validates the lease only to the time when the rent so received accrued.

In *Doe* v. *Bliss* (4 Taunt., 735), the question was whether a lessor, who had reserved the right to re-enter on breach of covenants not to underlet, by waiving his right to re-enter on one underletting lost his right to re-enter on a subsequent underletting, and by waiving his right to re-enter on a breach of covenants to repair, lost his right to re-enter for a subsequent want of repairs. The court stopped counsel for the plaintiff, who would have shown cause against the rule, saying that the propositions were "too strong to be made much of." And in *Bleecker* v. *Smith* (13 Wend., 531), it was held that where there was a continuing covenant under the lease, the lessor was at liberty, at any time, to enforce the forfeiture when the default exists or accrues after the payment of rent, but that the acceptance of rent waived all forfeitures up to that time.

This seems to us to be the true and reasonable construction of the covenants of the lease in respect to the payment of taxes. The covenant did not provide that the taxes should be paid at any specified time. By construction of law they were payable within a reasonable time, and any time would probably be reasonable which prevented the addition of any greater burden upon the land than the amount of the taxes imposed. Refraining from paying them might not be deemed a justifiable cause for enforcing the forfeiture at a time when some installment of rent accrued. But for a neglect continued subsequently to such payment so as to put in jeopardy the interests of the lessor in the demised premises, we see no reason why he should not be permitted to enforce the forfeiture.

We think that the ruling of the learned judge at Circuit was correct, and that the judgment should be affirmed.

DANIELS, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment affirmed.